1  WILLIAM BOGDAN (SBN 124321)
   wbogdan@hinshawlaw.com
2  MICHAEL MCCONATHY (SBN 202982)
   mmcconathy@hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
4  San Francisco, CA 94111
   Telephone:    415-362-6000
5  Facsimile:    415-834-9070

6  Attorneys for Defendant
   VICTORY WOODWORKS, INC.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11 | CORBY KUCIEMBA, an individual; | Case No. 3:20-cv-9355 |
   | ROBERT KUCIEMBA, an individual, | |
12 | | **DEFENDANT VICTORY WOODWORKS,** |
   | Plaintiffs, | **INC.'S NOTICE OF REMOVAL OF** |
13 | | **ACTION** |
   | vs. | |
14 | | Complaint Filed:  October 23, 2020 |
   | VICTORY WOODWORKS, INC., a Nevada | |
15 | corporation; DOES 1-20, inclusive, | |
16 | Defendants. | |

TO THE CLERK OF ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant VICTORY WOODWORKS, INC. ("Victory" or "Defendant") hereby removes the above-captioned action from the Superior Court of California in and for the County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division. This removal is based on 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, and on the following grounds:

## STATEMENT OF JURISDICTION

1. This suit is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it involves citizens of different states and an amount in controversy in excess of $75,000, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b).

## VENUE

2. Plaintiffs CORBY KUCIEMBA and ROBERT KUCIEMBA ("Plaintiffs") filed their action in the Superior Court of California in and for the County of San Francisco. Venue, therefore, is appropriate in the United States District Court for the Northern District of California, San Francisco Division. *See* 28 U.S.C. §§ 84(a), 1391(b), 1441(a).

## PLEADINGS, PROCESS, AND ORDERS

3. On October 23, 2020, Plaintiffs filed a Complaint in the Superior Court of California in and for the County of San Francisco, styled *Corby Kuciemba, et al. v. Victory Woodwords, Inc., et al.*, San Francisco Superior Court Case No. CGC-20-587507 (the "Complaint"). The Complaint concerns damages resulting from CORBY KUCIEMBA's allegation that she contracted COVID-19 at home from her husband ROBERT KUCIEMBA who allegedly contracted COVID-19 at work in San Francisco.

4. Service of the summons and complaint was affected by personal service. True and correct copies of the Summons and Complaint and all related materials are attached hereto as **Exhibit 1** and incorporated herein by this reference. The aforementioned documents constitute true and correct copies of all process, pleadings, and orders served upon Defendant.

5. Plaintiff CORBY KUCIEMBA's Complaint alleges claims for general and compensatory damages including lost wages, lost earning capacity, emotional distress, pain & suffering, loss of enjoyment of life and emotional distress. Though not separately itemized, she is apparently also seeking medical expenses stemming from at least one hospitalization stay. She also claims recovery for punitive damages, interest, penalties and attorney's fees. *See* Complaint ¶¶ 19, 55, Prayer. Plaintiff ROBERT KUCIEMBA's Complaint allege a claim for loss of consortium *See* Complaint ¶ 59, Prayer.

6. To Defendant's knowledge, other than the Complaint and the materials attached as Exhibit 1, no further process, pleadings, or orders related to this case have been filed in San Francisco County Superior Court.

## JOINDER

7. Except for Doe defendants, Defendant is the only named defendant in the action. Thus, all served Defendants have consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS OF REMOVAL

8. Under California law, service of the summons was deemed complete on November 25, 2020. This Notice of Removal is timely, in that it is filed within 30 days after the November 25, 2020 service in light of extension by holiday and weekends. *See* 28 U.S.C. § 1446(b)(2)(B).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9. **Plaintiff's Citizenship.** In its Complaint, Plaintiffs allege they are married. ROBERT KUCIEMBA was employed in San Francisco, California, and resides in Hercules, California where he allegedly infected his wife CORBY KUCIEMBA.

10. **Defendants' Citizenship.** Both when the state court action was filed and at the time of this notice, Defendant was and is a corporation incorporated under the laws of Nevada with its principal place of business in Nevada. *See* Complaint ¶ 2. Therefore, Defendant was and is a citizen of Nevada.

11. Both when the state court action was filed and at the time of this notice, Defendant was and is a corporation incorporated under the laws of Nevada with its principal place of business in Sparks, Nevada. *See* Complaint ¶2 Therefore, Defendant was and is a citizen of Nevada.

12. Plaintiffs' Complaint seeks the following recoveries: general and compensatory damages including lost wages, lost earning capacity, emotional distress, pain & suffering, loss of enjoyment of life, emotional distress, and loss of consortium, punitive damages, interest, penalties and attorney's fees, as well as declaratory and injunctive relief.

13. The Complaint asserts claims for negligence, negligence per se, negligence – premises liability, public nuisance and loss of consortium.

14. Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

15. Because Plaintiffs are citizens of a state different from Defendant, complete diversity of citizenship exists for purposes of establishing jurisdiction. *See* 28 U.S.C. § 1332(a)(1), §1441(a), (b)(2).

### AMOUNT IN CONTROVERSY EXCEEDING $75,000

16. The Court has jurisdiction over this matter because the amount placed in controversy by Plaintiffs' Complaint exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17. Plaintiff's Complaint does not itemize Plaintiff's damages. However, Plaintiff CORBY KUCIEMBA's Complaint alleges claims for general and compensatory damages including lost wages, lost earning capacity, emotional distress, pain & suffering, loss of enjoyment of life and emotional distress. Though not separately itemized, she is apparently also seeking medical expenses stemming from at least one hospitalization stay. She also claims recovery for punitive damages, penalties and attorney's fees. *See* Complaint ¶¶ 19, 55, Prayer. Plaintiff ROBERT KUCIEMBA's Complaint allege a claim for loss of consortium *See* Complaint ¶ 59, Prayer.

### NOTICE TO PLAINTIFF AND STATE COURT

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be given by the undersigned to Plaintiffs, and

a copy of the Notice of Removal will be filed with the Clerk of the San Francisco County Superior Court.

Dated:  December 28, 2020               HINSHAW & CULBERTSON LLP

                                        By: */s/ William Bogdan*
                                            WILLIAM BOGDAN
                                            MICHAEL MCCONATHY
                                            Attorneys for Defendant
                                            VICTORY WOODWORKS, INC.

## CERTIFICATE OF SERVICE
**CORBY KUCIEMBA, an individual; ROBERT KUCIEMBA, an individual v. VICTORY WOODWORKS, INC., a Nevada corporation; DOES 1-20, inclusive**

**3:20-cv-9355**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California 94111.

On December 28, 2020, I served the document(s) entitled **DEFENDANT VICTORY WOODWORKS, INC.'S NOTICE OF REMOVAL OF ACTION**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

Mark L. Venardi, Esq.
Martin Zurada, Esq.
Mark Freeman, Esq.
VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, California 94563
Telephone:    (925) 937-3900
Facsimile:    (925) 937-3905
Emails:  mvenardi@vefirm.com; mzurada@vefirm.com; mfreeman@vefirm.com

☒ **[ONLY BY ELECTRONIC TRANSMISSION]  Pursuant to California Rules of Court, Emergency Rules Related to COVID-19, Emergency Rule 12, regarding Electronic Service:** Only by emailing the document(s) to the persons at the e-mail address(es) note above, as mandated by the Judicial Council and necessary during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on December 28, 2020, at San Francisco, California.

_____
Sherie McLean