# EXHIBIT "1"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Martin Zurada (SBN 218235)<br>Venardi Zurada LLP<br>25 Orinda Way, Suite 250<br>Orinda, CA 94563<br>TELEPHONE NO.: (925) 937-3900   FAX NO.: (925) 937-3905<br>ATTORNEY FOR (Name): Plaintiffs Corby Kuciemba and Robert Kuciemba | **FILED**<br>San Francisco County Superior Court<br><br>OCT 23 2020<br><br>CLERK OF THE COURT<br>BY: _Kalene Jolumio_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Corby Kuciemba and Robert Kuciemba vs. Victory Woodworks, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-20-587507<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [✓] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): Five (5)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 22, 2020
Martin Zurada
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

```
 1  Mark L. Venardi (SBN 173140)
    Martin Zurada (SBN 218235)
 2  Mark Freeman (SBN 293721)
    VENARDI ZURADA LLP
 3  25 Orinda Way, Suite 250
    Orinda, California 94563
 4  Telephone: (925) 937-3900
    Facsimile: (925) 937-3905
 5
 6  Attorneys for Plaintiffs
    CORBY KUCIEMBA and
 7  ROBERT KUCIEMBA
```

**FILED**
San Francisco County Superior Court

OCT 23 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
## UNLIMITED JURISDICTION

| | |
|---|---|
| CORBY KUCIEMBA, an individual;<br>ROBERT KUCIEMBA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORY WOODWORKS, INC., a Nevada Corporation; and Does 1-20, inclusive,<br><br>Defendants. | CASE NO.: CGC-20-587507<br><br>COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL |



BY FAX

Plaintiffs CORBY KUCIEMBA and ROBERT KUCIEMBA allege as follows:

### PARTIES

1. Plaintiffs CORBY KUCIEMBA and ROBERT KUCIEMBA ("Plaintiffs") are and were married at the time of the events described in this Complaint.

2. Defendant VICTORY WOODWORKS, INC. is a Nevada corporation with its principal place of business located at 340 Kresge Lane, Sparks, Nevada. Defendant conducts business throughout California, including in San Francisco, California.

3. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 20, inclusive, are unknown to Plaintiffs who, therefore, sue said

- 1 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

1  Defendants by such fictitious names and will seek leave of Court to amend this Complaint when the
2  same have been ascertained. Plaintiffs are informed and believes, and upon such information and
3  belief, alleges that each Defendant designated herein as a DOE was responsible, negligently or in
4  some other actionable manner, for the events and happenings referred to herein which proximately
5  caused injury to Plaintiffs as hereinafter alleged. Each reference in this Complaint to "defendant,"
6  "defendants" or a specifically named defendant refers also to all defendants sued under fictitious
7  names. Plaintiffs are informed and believe, and based thereon allege, that at all times herein
8  mentioned each of the defendants was the agent, employee and servant of each of the remaining
9  defendants, and in doing the things hereinafter alleged was acting within the scope of such agency,
10 employment, and servitude, with the knowledge and consent of each of the defendants. Whenever
11 this Complaint makes reference to "defendants" or "defendants, and each of them," such allegations
12 shall be deemed to mean the acts of defendants acting individually, jointly and/or severally.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction and is a proper venue because Mr. Kuciemba was employed by Defendant in San Francisco County. Furthermore, Mr. Kuciemba contracted COVID-19 on a job site operated by Defendant in San Francisco County and thereafter infected his wife with COVID-19.

## GENERAL ALLEGATIONS

5. Severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) is a strain of coronavirus. This virus is responsible for causing the disease known as COVID-19.

6. COVID-19 is a highly contagious respiratory illness that spreads between people through close contact and via respiratory droplets produced from coughs or sneezes. The virus can be devastating and even fatal especially for vulnerable populations, e.g. persons who are over 65 or who have pre-existing health conditions.

7. After the virus arose in an initial outbreak in Wuhan, China, it spread rapidly around the globe in early 2020. The World Health Organization declared COVID-19 a pandemic in March 2020. As of the filing of this complaint, it is estimated that COVID-19 has infected over 41 million people and killed at least 1.13 million.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

8. Beginning in March 2020, the Bay Area Counties issued Shelter in Place Orders that Order prohibited all nonessential travel and required individuals to otherwise remain at their place of residence in order to limit the spread of COVID-19.

9. In the early days of the pandemic, the Centers for Disease Control ("CDC") issued guidance stating that individuals exposed to people infected with COVID-19 must quarantine at home for 14 days after their last contact with the infected individual. This guidance is designed to limit the spread of the highly infectious virus.

10. Over time, these various Shelter in Place Orders were relaxed to allow for the safe reopening of the economy. Government agencies at the state, federal, and local level also issued various health orders targeted for specific industries. Most relevant here is San Francisco City and County's Order of the Health Officer No. C19-07c (Issued May 5, 2020) (the "Health Order").

11. The Health Order requires individuals engaged in the construction industry to follow strict health and safety guidelines to prevent the spread of COVID-19. The Health Order required that construction sites must "Establish a daily screening protocol for arriving staff to ensure that potentially infected staff do not enter the construction site. If workers leave the jobsite and return the same day, establish a cleaning and decontamination protocol prior to entry and exit of the jobsite." Construction sites were also required to "[p]ost the daily screening protocol at all entrances and exits to the jobsite."

12. The Health Order also required construction sites to provide notices to employees that they should "not enter the jobsite if you have a fever, cough, or other COVID-19 symptoms. If you feel sick, or have been exposed to anyone who is sick, stay at home."

13. Beginning on May 6, 2020 Plaintiff Robert Kuciemba began working for Defendant at a construction jobsite in San Francisco (the "Premises").

14. In or around July 3, 2020, Defendant transferred workers from a jobsite in Mountain View, California jobsite operated by Defendant to Mr. Kuciemba's location.

15. Defendant transferred these workers from its Mountain View jobsite after workers at the same location became infected with COVID-19. Defendant knew or should have known that its workers at the Mountain View jobsite were all potentially exposed to COVID-19. Defendant was

- 3 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

also aware of the CDC guidelines and the San Francisco Health Order that would have prohibited these potentially infected individuals from entering the Premises without properly quarantining.

16. Instead of quarantining the individuals from its Mountain View jobsite, Defendant decided to put profits over safety by commingling the Mountain View workers with workers at the Premises including Mr. Kuciemba. Defendant was well aware of the dangers posed by COVID-19, including that it was highly infectious and potentially lethal for older, high-risk individuals. Despite this knowledge, Defendant knowingly, recklessly, and willfully failed to follow all health and safety protocols issued CDC and the Health Order when it permitted potentially infected individuals to enter and re-enter the Premises.

17. One or more of these workers from the Mountain View jobsite was in fact infected with COVID-19. In early July 2020, Mr. Kuciemba was forced to work in close contact with workers at the Premises, who came from the infected Mountain View jobsite, and one or more of these workers then infected him with COVID-19.

18. Mr. Kuciemba's last day on the job at the Premises was July 10, 2020. Within the next 1-2 days, Mr. Kuciemba and his wife both began experiencing symptoms. Mr. and Mrs. Kuciemba both tested positive for COVID-19 on July 16, 2020.

19. Both Plaintiffs were ultimately hospitalized after they developed respiratory symptoms from COVID-19. Mrs. Kuciemba, who is 65 and a high risk individual due to her age and health, developed a severe infection and remained hospitalized until early August 2020.

20. The actions of Defendant were a substantial factor in causing Plaintiff Mrs. Kuciemba's severe and traumatic injuries resulting from the COVID-19 infection to Mrs. Kuciemba.

21. Defendant committed various wrongful acts, including without limitation, Defendant:

    (a) Improperly operated, managed, used, maintained and controlled the Premises in violation of applicable building codes and federal, state and municipal regulations including without limitation OSHA, Cal OSHA and the San Francisco Health Order as well as CDC guidelines;

- 4 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

(b) Failed to properly screen employees for COVID-19 who were entering the Premises;

(c) Failed to protect employees from COVID-19 symptomatic (or asymptomatic persons) or potentially infectious persons;

(d) Failed to cleanse and sanitize the workspace at the Premises;

(e) Failed to provide personal protective equipment;

(f) Failed to implement a social distancing policy;

(g) Failed to otherwise follow the health and safety mandates required by OSHA, Cal OSHA, and/or the San Francisco Health Order as well as CDC guidelines;

(h) Failed to warn Mr. Kuciemba, and other persons lawfully on the Premises property, of the danger presented by the workers from the Mountain View job site who were working at the Premises when Defendant knew, or in the exercise of reasonable care should have known, that the warnings were necessary to prevent injury to Plaintiffs, residents and/or visitors at the Premises;

(i) Failed to make a reasonable inspection of the Premises when Defendant knew, or in the exercise of reasonable care should have known, that the inspection was necessary to prevent injury to Plaintiff, residents and/or visitors at the Premises;

(j) Allowed the aforementioned premise to remain in a dangerous condition, for an unreasonable length of time; and/or

(k) Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

22. Mr. Kuciemba is bringing a claim for Loss of Consortium in this Court arising from injuries to his wife.

**FIRST CAUSE OF ACTION**
Negligence
(Plaintiff Mrs. Kuciemba Against all Defendants)

23. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1–22 of this Complaint.

- 5 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

24. Defendant breached the duty of care owed to Plaintiffs when it knowingly, recklessly, and willfully acted as set forth in paragraph 21. Defendant exposed Mr. Kuciemba to COVID-19 at the jobsite and it was foreseeable that Mrs. Kuciemba would also develop COVID-19 through her husband.

25. Defendant's breach of the duty of care to Ms. Kuciemba was the actual and proximate cause of Plaintiffs' damages alleged herein.

26. Defendant's actions were malicious, oppressive, and fraudulent, and Plaintiff Mrs. Kuciemba is entitled to recover punitive damages

## SECOND CAUSE OF ACTION
### Negligence Per Se
### (Plaintiff Mrs. Kuciemba Against all Defendants)

27. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1–26 of this Complaint.

28. Defendant's actions constitute a violation of San Francisco City and County's Order of the Health Officer No. C19-07c (Issued May 5, 2020) and all related state, federal, and local statutes, regulations, and orders including without limitation OSHA and Cal OSHA. Plaintiff Mrs. Kuciemba is in the class of persons protected under such state, federal, and local statutes, regulations and orders.

29. Defendant's violation of the above laws/regulations/orders was a substantial factor in bringing about Plaintiff Mrs. Kuciemba's harm and the loss.

30. As a direct and proximate result of Defendant's negligent acts and omissions, Mrs. Kuciemba was injured and is entitled to recover compensatory damages in an amount according to proof.

31. Defendant's actions were malicious, oppressive, and fraudulent, and Mrs. Kuciemba is entitled to recover punitive damages.

- 6 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

### THIRD CAUSE OF ACTION
Negligence – Premises Liability
(Plaintiff Mrs. Kuciemba Against All Defendants)

32. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1–31 of this Complaint.

33. Defendant, as owners and/or operator of the Premises, by and through their agents, servants, and/or employees, as the persons responsible for the maintenance of the Premises, acted with less than reasonable care and committed one or more of the following careless and negligent acts and/or omissions as described in paragraph 21.

34. The dangerous condition on property owned or controlled by Defendants was the actual and proximate cause of the injuries alleged herein.

### FOURTH CAUSE OF ACTION
Public Nuisance – Assisting in the Creation of Substantial and Unreasonable Harm to Public Health and Safety that Affects an Entire Community or Considerable Number of Persons
[Cal. Civil Code §§ 3479, 3480, 3491, 3493; C.C.P. § 731]
(Plaintiff Mrs. Kuciemba Against All Defendants)

35. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1–34 of this Complaint.

36. California Civil Code § 3479 defines "nuisance" as "[a]nything which is injurious to health, ... or is indecent or offensive to the senses, ... so as to interfere with the comfortable enjoyment of life or property."

37. California Civil Code § 3480 defines "public nuisance" as any nuisance that "affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

38. To constitute a "public nuisance," the offense against, or interference with the exercise of rights common to the public must be substantial and unreasonable. *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1102, 1105.

39. The acts and omissions of Defendant alleged herein, which caused a considerable number of persons to suffer increased exposures and risks of exposures to the COVID-19 virus at Defendant's workplaces (including the Premises), including but not limited to Defendant's workers,

- 7 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

and other persons with whom those workers come into contact with both at Defendant's workplaces (including the Premises) and outside of Defendant's workplaces (including Mrs. Kuciemba). Defendant substantially and unreasonably created, and substantially assisted in the creation of, a grave risk to public health and safety, and wrongfully and unduly interfered with Mrs. Kuciemba's comfortable enjoyment of their lives and property. *See County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 305-06.

40. The acts and omissions of Defendant alleged herein substantially and unreasonably created or assisted in the creation of the spread and transmission of grave, life-threatening disease and infection, the risk of spread and transmission of grave, life-threatening disease and infection disease or infection, and the actual and real fear and anxiety of the spread and transmission of grave, life-threatening disease and infection, all of which constitutes an actionable public nuisance. *See, e.g.*, Restatement (Second) of Torts § 821B & cmt. G ("[T]he threat of communication of smallpox to a single person may be enough to constitute a public nuisance because of the possibility of an epidemic; and a fire a hazard to one adjoining landowner may be a public nuisance because of the danger of a conflagration."); *Birke v. Oakwood Worldwide (2009)* 169 Cal.App.4th 1540, 1546 (secondhand smoke in condominium complex); *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 306.

41. The public nuisance caused by Defendant as alleged herein has caused and will continue to cause special injury to Mrs. Kuciemba within the meaning of Civil Code § 3493, due to the infection Mrs. Kuciemba personally suffered, the risk of exposures she faced, and the increased anxiety and fear caused by her pre-existing medical condition and her need to separate herself fromclose family members to minimize the risk of further community spread. Those harms are different from the types of harms suffered by members of the general public who did not work or have direct contact with employees who worked at the Premises.

42. California Code of Civil Procedure § 731 and California Civil Code § 3491, 3493, and 3495 authorize Mrs. Kuciemba to bring this action for injunctive, equitable abatements, and damages relief from Defendant.

- 8 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

43. Defendant's failure to comply with health and safety standard in its workplace, including the Premises, has caused, and is reasonably certain to cause, community spread of the COVID-19 infection. Such community spread has not been, and will not be, limited to the physical location of Defendant's workplaces only, or to the workers at the workplaces only (including the Premises), as infected works and other persons present at Defendant's workplaces (including the Premises) have interacted with their family members, co-residents neighbors, and others with whom they must necessarily interact as they undertake essential daily activities such as shopping, doctor's visits, and childcare.

44. This community spread has resulted in increased disease and will continue to result in increased disease.

45. Defendant's conduct as alleged herein unreasonably interferes with the common public right to public health and safety.

46. Defendant's decision to operate its workplaces (including the Premises) without ensuring minimum basic health and safety standards, including by meeting the OSHA, Cal Osha, the Health Order, and/or CDC regulations, guidelines, and other minimum public health standards necessary to stop or substantially reduce the spread of COVID-19, is reasonably certain to cause further spread of COVID-19 infection and the reasonable and severe fear of the further spread of COVID-19 to Plaintiffs and other members of the community.

47. Administrative and governmental remedies have proven inadequate to protect Mrs. Kuciemba from the harms alleged in this complaint and the wrongful conduct by Defendant alleged in this complaint. OSHA and Cal/OSHA, the principal government agencies tasked with ensuring workplace safety, have deprioritized inspections an enforcement at non-medical workplaces. The CDC, while able to issue recommendations, does not have or exercise independent enforcement authority against businesses that fail to follow those recommendations.

48. The risk of injury faced by Mrs. Kuciemba outweighs the cost of the reasonable measures included in Mrs. Kuciemba's proposed injunction.

49. Defendant and each of them are substantial contributors to the public nuisance alleged herein.

- 9 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

50. Defendant's past and ongoing conduct is a direct and proximate cause of Mrs. Kuciemba's injuries and threatened injuries.

51. Defendant knew and should have known that their conduct as alleged herein would be the direct and proximate cause of the injuries alleged herein to Mrs. Kuciemba.

52. Defendant's conduct as alleged herein constitutes a substantial and unreasonable interference with and obstruction of public rights and property, including the public rights to health, safety and welfare of Mrs. Kuciemba and members of the public, and those who come in contact with them, whose safety and lives are at risk due to Defendant's failure to adopt an implement proper procedures for protecting workers, customers, and other from exposure to the COVID-19 virus.

53. Defendant has committed and continue to commit the acts alleged herein knowingly and willfully.

54. As a proximate result of Defendant's unlawful actions and omissions, Mrs. Kuciemba has been damaged in an amount according to proof of trial.

55. In addition to declaratory relief, injunctive relief, and damages as alleged herein, Mrs. Kuciemba is entitled to interest, penalties, attorneys' fees and expenses pursuant to *CCP* § 1021.5, and costs of suit.

### FIFTH CAUSE OF ACTION
### Loss of Consortium
### (Plaintiff Mr. Kuciemba Against All Defendants)

56. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1–55 of this Complaint.

57. Mr. Kuciemba and Mrs. Kuciemba were married at all relevant times.

58. Prior to July 2020, Mrs. Kuciemba was able to and did perform her duties as a wife.

59. As a direct and proximate result of the conduct, acts, and/or omissions of defendants, and each of them, as set forth herein above, Mrs. Kuciemba has been unable to perform the necessary duties of a husband including but not limited to the work and services usually performed in the care, maintenance and management of the family home, and he will be unable to perform

- 10 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

such work, services and duties in the future. By reason thereof, Mr. Kuciemba has been deprived and will be deprived of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of enjoyment of sexual relations.

60. Plaintiffs reserve the right to prove the amount of damages at trial. The amount of compensatory damages sought will be in excess of the amount sufficient to establish jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants follows:

1. For general and compensatory damages, including damages for pain and suffering, loss of enjoyment of life, lost wages, loss of consortium, lost earning capacity and emotional distress damages, in excess of the amount sufficient to establish jurisdiction according to proof at trial;
2. For punitive damages against Defendants;
3. For attorneys' fees and costs pursuant to CCP § 1021.5;
4. For injunctive relief;
5. For prejudgment interest on all amounts claimed;
6. For costs of suit; and
7. For such other and further relief as the Court may deem just and proper.

Date: October 22, 2020

VENARDI ZURADA LLP

Martin Zurada
Attorneys for Plaintiff
CORBY KUCIEMBA and
ROBERT KUCIEMBA

- 11 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Date: October 22, 2020

VENARDI ZURADA LLP

_/s/ Martin Zurada_

Martin Zurada
Attorneys for Plaintiff
CORBY KUCIEMBA and
ROBERT KUCIEMBA

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 12 -
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Victory Woodworks, Inc., a Nevada Corporation; and Does 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Corby Kuciemba, an individual; Robert Kuciemba, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** CGC-20-587507
*(Número del Caso):*

The name and address of the court is: SUPERIOR COURT
*(El nombre y dirección de la corte es):*
County of San Francisco
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Martin Zurada (SBN 218235)   (925) 937-3900
Venardi Zurada LLP, 25 Orinda Way, Suite 250, Orinda, CA 94563

**DATE:** NOV 0 4 2020                    **CLERK OF THE COURT**                     , Deputy
*(Fecha)*                                                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* VICTORY WOODWORKS, INC., A NEVADA CORPORATION
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

BY FAX

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CASE NUMBER: CGC-20-587507  CORBY KUCIEMBA ET AL VS. VICTORY WOODWORKS, IN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** MAR-24-2021

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
>
> (SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.