**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORBY KUCIEMBA; ROBERT KUCIEMBA,<br>    *Plaintiffs-Appellants*,<br><br>v.<br><br>VICTORY WOODWORKS, INC., a Nevada Corporation,<br>    *Defendant-Appellee.* | No. 21-15963<br><br>D.C. No.<br>3:20-cv-09355-MMC<br><br>ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA |

Filed April 21, 2022

Before: J. Clifford Wallace, Sidney R. Thomas, and
M. Margaret McKeown, Circuit Judges.

Order

2           Kuciemba v. Victory Woodworks

## SUMMARY[*]

### California Law

The panel certified to the Supreme Court of California the following questions:

1. If an employee contracts COVID-19 at his workplace and brings the virus home to his spouse, does California's derivative injury doctrine bar the spouse's claim against the employer?

2. Under California law, does an employee owe a duty to the households of its employees to exercise ordinary care to prevent the spread of COVID-19?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# ORDER

We certify the questions set forth in Part II of this order to the California Supreme Court. All further proceedings in this case are stayed pending final action by the California Supreme Court, and this case is withdrawn from submission until further order of this court.

## I. Administrative Information

We provide the following information in accordance with Rule 8.548(b)(1) of the California Rules of Court.

The caption of this case is:

No. 21-15963

Corby Kuciemba and Robert Kuciemba,

Plaintiffs and Appellants,

v.

Victory Woodworks, Inc.,

Defendant and Appellee.

The names and addresses of counsel are:

*For Plaintiffs-Appellants Corby Kuciemba and Robert Kuciemba*: Mark T. Freeman, Mark L. Venardi, Martin Zurada, Venardi Zurada, LLP, 101 Ygnacio Valley Road, Suite 100, Walnut Creek, CA 94596.

*For Defendant-Appellee Victory Woodworks, Inc.*: William A. Bogdan, Hinshaw & Culbertson, LLP, 18th floor, One California Street, San Francisco, CA 94111.

4          Kuciemba v. Victory Woodworks

Plaintiffs-Appellants Corby Kuciemba and Robert Kuciemba should be deemed the petitioners, if the California Supreme Court agrees to consider these questions. *See* Cal. R. Ct. 8.548(b)(1).

## II.  Certified Questions

Pursuant to Rule 8.548(b)(2) of the California Rules of Court, we respectfully request that the Supreme Court of California decide the certified questions presented below.

1.  If an employee contracts COVID-19 at his workplace and brings the virus home to his spouse, does California's derivative injury doctrine bar the spouse's claim against the employer?

2.  Under California law, does an employer owe a duty to the households of its employees to exercise ordinary care to prevent the spread of COVID-19?

We recognize that our phrasing of these questions does not restrict the Court's consideration of the issues involved and that the Court may rephrase the questions as it sees fit. *See id.* 8.548(f)(5).

## III.  Statement of Facts

### A.

In response to the COVID-19 pandemic, San Francisco issued a shelter-in-place order in March 2020, effectively shuttering many local businesses. These restrictions were relaxed two months later when San Francisco issued a revised order (the "Health Order") allowing certain essential industries, including the construction industry, to reopen. Although these businesses were permitted to reopen, the

Health Order imposed stringent conditions on their operations in order to limit the spread of COVID-19.

After the Health Order was issued, Robert Kuciemba began working for Victory Woodworks, Inc. ("Victory"), a furniture/construction company, at a jobsite in San Francisco. Mr. Kuciemba and his wife, Corby Kuciemba (collectively "the Kuciembas"), allege that they strictly complied with the City's various COVID-19 orders, followed all recommended safety precautions, and minimized their exposure to other people. The only person in their household to have frequent contact with others was Mr. Kuciemba, through his work at Victory's jobsite.

According to the Kuciembas, Victory knowingly transferred workers from an infected construction site to Mr. Kuciemba's jobsite without following the safety procedures required by the Health Order. Mr. Kuciemba was forced to work in close contact with these employees and soon developed COVID-19, which he brought back home.

Mrs. Kuciemba is over sixty-five years old and was at high risk from COVID-19 due to her age and health. She tested positive for the COVID-19 disease on July 16, 2020, and developed severe respiratory symptoms. Mrs. Kuciemba was hospitalized for more than a month after contracting COVID-19 and was kept alive on a respirator.

**B.**

The Kuciembas filed suit against Victory in California Superior Court, alleging that Victory caused Mrs. Kuciemba's injuries by violating the Health Order. Mrs. Kuciemba asserted state law claims for negligence, negligence per se, and negligence (premises liability) while

6    KUCIEMBA V. VICTORY WOODWORKS

Mr. Kuciemba brought a claim for loss of consortium. Victory removed to federal district court and moved to dismiss. The district court granted Victory's motion, holding (as relevant here) that Mrs. Kuciemba's claims against Victory were barred by California's derivative injury doctrine and, in the alternative, that Victory did not owe a duty to Mrs. Kuciemba. This timely appeal followed.

### IV.  The Need for Certification

Certification is warranted if there is no controlling precedent and the California Supreme Court's decision could determine the outcome of a matter pending in our court. *See* Cal. R. Ct. 8.548(a). This appeal not only meets both criteria, but also presents issues of significant public importance for the State of California: the scope of an employer's liability in tort for the spread of COVID-19, the application of the public policy exception to Cal. Civ. Code § 1714(a)'s general duty of care in the context of a pandemic, and—perhaps most sweepingly—whether California's derivative injury doctrine applies to injuries derived in fact from an employee's workplace injury.

### A.

The Kuciembas allege that Victory negligently allowed COVID-19 to spread from its worksite into their household. Victory argues that California law does not recognize such a cause of action. Specifically, Victory argues that Mrs. Kuciemba's claims are barred by the derivative injury doctrine and that, even if the derivative injury doctrine does not apply, Victory did not owe Mrs. Kuciemba a duty of care.

No controlling precedent resolves whether the derivative injury doctrine bars Mrs. Kuciemba's claims. This doctrine

KUCIEMBA V. VICTORY WOODWORKS 7

finds its provenance in California's Worker's Compensation Act ("WCA"), Cal. Lab. Code § 3200 *et seq.*, which provides the exclusive remedy for many workplace injuries. Under the WCA, employees are "afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, give[] up the wider range of damages potentially available in tort." *King v. CompPartners, Inc.*, 423 P.3d 975, 978 (Cal. 2018). The WCA, however, is not the exclusive remedy just for employees. Under the derivative injury doctrine, the WCA is also deemed "the exclusive remedy for certain third party claims deemed collateral to or derivative of" an employee's work-related injuries. *Snyder v. Michael's Stores, Inc.*, 945 P.2d 781, 784 (Cal. 1997) (collecting examples).

The parties dispute the scope of California's derivative injury doctrine and whether it reaches the facts of this case. Victory argues, relying primarily on *Salin v. Pacific Gas & Electric Co.*, 185 Cal. Rptr. 899 (Cal. Ct. App. 1982), that this doctrine bars all claims against an employer that flow in fact from a workplace injury suffered by an employee. Because Mrs. Kuciemba alleges that she contracted COVID-19 from her husband, who contracted the virus at work, her claims are derivative of her husband's workplace injury and therefore barred by the WCA's exclusivity provisions (or so the argument goes).

The Kuciembas disagree. They highlight that *Salin* has been twice called into question by the California Supreme Court and has not been favorably cited by a California court in decades. *See Snyder*, 945 P.2d at 785 n.2; *Horwich v. Superior Ct.*, 980 P.2d 927, 936 (Cal. 1999). The Kuciembas also point to the California Supreme Court's decision in *Snyder*, 945 P.2d 781, which they interpret as limiting the

8          KUCIEMBA V. VICTORY WOODWORKS

derivative injury doctrine to a narrow class of claims: claims that logically or legally require a plaintiff to show injury to a third party, such as claims for loss of consortium or wrongful death.

After briefing concluded, the California Court of Appeal decided *See's Candies, Inc. v. Superior Court*, 288 Cal. Rptr. 3d 66 (Cal. Ct. App. 2021). Faced with essentially identical facts to those here, the Court of Appeal largely agreed with the Kuciembas' interpretation of *Snyder* and held that the derivative injury rule does not bar claims brought by an employee's spouse against an employer for injuries arising from a workplace COVID-19 infection. *See id.* at 80–81. All the same, *Snyder* dealt with very different facts from those present here and the Court of Appeal's reasoning in *See's Candies*—although instructive—does not eliminate the need for clear guidance from California's highest court. Faced with uncertain precedent regarding the reach of California's derivative injury doctrine, we conclude this question is suitable for certification.

In addition, no controlling precedent resolves whether Victory owed Mrs. Kuciemba a duty of care. By statute, everyone in California "is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill." Cal. Civ. Code § 1714(a).[1]  For reasons of public policy, however, California's courts have occasionally read exceptions into this general duty of care to limit "the

---

[1] Mrs. Kuciemba brought both a general negligence claim and a premises liability claim against Victory. Neither party has suggested that the differences between these claims are material. *See Kesner v. Superior Ct.*, 384 P.3d 283, 301 (Cal. 2016) ("[T]he duty arising from possession and control of property is adherence to the same standard of care that applies in negligence cases.").

otherwise potentially infinite liability which would follow from every negligent act." *Bily v. Arthur Young & Co.*, 834 P.2d 745, 761 (Cal. 1992). "The conclusion that a defendant did not have a duty constitutes a determination by the court that public policy concerns outweigh, for a particular category of cases, the broad principle enacted by the Legislature that one's failure to exercise ordinary care incurs liability for all the harms that result." *Kesner v. Superior Ct.*, 384 P.3d 283, 290 (Cal. 2016).

No California court has yet considered whether public policy favors creating an exception for employers who negligently infect their employee's family members with COVID-19. *See See's Candies*, 288 Cal. Rptr. 3d at 87 (noting but not reaching this issue). The Kuciembas argue that California would decline to recognize such an exception, relying primarily on the California Supreme Court's decision in *Kesner*, 384 P.3d 283, which declined to create an exception in favor of employers who negligently allowed their employees to carry asbestos fibers home to their families. Although there are obvious analogies between a worker who brings home asbestos and a worker who brings home COVID-19, the public policy concerns addressed in *Kesner* are potentially distinct from those present here. Given its likely economic significance, we conclude that "the spirit of comity and federalism," *Kremen v. Cohen*, 325 F.3d 1035, 1038 (9th Cir. 2003), dictates that California's courts be offered the opportunity to answer this question in the first instance.

### B.

Resolving these questions will dispose of this appeal. The district court concluded that the derivative injury doctrine applied and also that Victory did not owe a duty of care to Mrs. Kuciemba. If either holding is correct, the

district court's ruling must be affirmed and the Kuciembas' First Amended Complaint must be dismissed.[2]  If neither holding is correct, the district court's ruling must be reversed and the Kuciembas' suit must be allowed to proceed.

We therefore conclude that this case presents prime questions for the California Supreme Court to address.  *See* Cal. R. Ct. 8.548(a).  The answers given by the California Supreme Court will dispose of this appeal currently pending before the Ninth Circuit.  We agree to accept the Court's answers.

## V.  Accompanying Materials

The Clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

This case is withdrawn from submission.  Further proceedings in this case before our court are stayed pending final action by the California Supreme Court.  The Clerk is directed to administratively close this docket, pending further order.  The parties shall notify this court within fourteen days of the California Supreme Court's acceptance

---

[2] The Kuciembas have attempted to skirt the district court's derivative-injury-doctrine holding by alleging in their First Amended Complaint that Mrs. Kuciemba may have been infected with COVID-19 by particles of the virus carried home by her husband on his clothes and possessions (rather than in his lungs).  Whether or not the Kuciembas have adequately pleaded this alternative theory of transmission, the merits of their claim are still controlled by whether Victory owed Mrs. Kuciemba a duty of care.

or rejection of certification and, if certification is accepted, within fourteen days of the California Supreme Court's issuance of a decision.

**SO ORDERED.**